IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-178-KDB

| | |
|---|---|
| LUKE GRAVEL,<br><br>**Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI , Acting Commissioner of Social Security,<br><br>**Defendant.** | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff Luke Gravel's Motion for Summary Judgment (Doc. No. 10) and Defendant's Motion for Summary Judgment (Doc. No. 13). Mr. Gravel, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

## I.  BACKGROUND

On September 18, 2019, Plaintiff applied for benefits under Titles II and XVI of the Social Security Act, alleging that he had been disabled since August 29, 2019 (*See* Tr. 18). Plaintiff's application was denied both on its first review and upon reconsideration. (Tr. 122, 124). After

1

conducting a hearing on December 15, 2020, the Administrative Law Judge ("ALJ") denied Plaintiff's application in a decision dated January 12, 2021. (Tr. 18-31). After applying the five-step sequential evaluation process, the ALJ found that Plaintiff has not been under a disability during the relevant period within the meaning of the Social Security Act.

The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision. (Tr. 5). The Appeals Council added to the RFC that Plaintiff requires a cane to ambulate to and from a workstation. *Id.* Mr. Gravel has timely requested judicial review under 42 U.S.C § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. Gravel was disabled under the law during the relevant period.[1] At step one, the ALJ found that Plaintiff engaged in substantial gainful activity through March 2020 (20 CFR 404.1520(b) and 404.1571 et seq.); and at step two that he had the severe impairment of lumbar degenerative disc disease with radiculopathy; chronic obstructive pulmonary disease (COPD); anoxic brain injury with encephalomalacia; anxiety disorder; and cannabis use disorder (20 CFR 404.1520(c)). (*See* Tr. 20). At step three, the ALJ

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id* at 21.

Before proceeding to step four, the ALJ then determined that Mr. Gravel had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; balance, stoop, kneel, crouch, and crawl occasionally; avoid concentrated exposure to extreme cold, extreme heat, humidity, dust, odors, fumes, pulmonary irritants, unprotected heights and moving mechanical parts; limited to simple routine tasks in a nonproduction workplace setting; capable of sustaining concentration and pace for two hour segments during a standard eight-hour workday; limited to occasional interaction with the public.

(Tr. 23). At step four, the ALJ found that Plaintiff had past relevant work as an inspector, stock clerk, lubrication servicer, tire changer and industrial truck operator, but that he is unable to perform his past relevant work as actually or generally performed. (Tr. 29).

At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (Tr. 29-30). These jobs include surveillance system monitor (9,000 jobs in the national economy); addresser (17,000 jobs in the national economy); and a call out operator (15,000 jobs in the national economy). (Tr. 30). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from August 29, 2019, through the date of his decision. (Tr. 31).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether

3

the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). Yet in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

4

Plaintiff presents three challenges to the ALJ's decision: (1) the ALJ's physical RFC is not supported by substantial evidence due to inadequate consideration of the allegedly conflicting opinions of Plaintiff's consultative psychological examiners, Drs. Sinclair and Hatfield; (2) the RFC term "non-production workplace setting" is not defined; and (3) the DOT job descriptions of surveillance system monitor, addresser and call out operator are either jobs that do not exist in the national economy or exist in such limited numbers that they cannot support the ALJ's decision.

With respect to the alleged "contradictory" opinions of Plaintiff's psychologists, the Court finds there is substantial evidence to support the ALJ's decision. An ALJ is solely responsible for assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c) & 416.946(c); *Russell v. Barnhart*, 58 Fed. Appx. 25, 28-30, 2003 WL 257494, at **3-4 (4th Cir. Feb. 7, 2003) (upholding ALJ's rejection of treating physician opinion on basis that it was "unsupported by the treatment records"). The task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but only whether there is substantial evidence to support the ALJ's ruling. The substantial evidence standard assumes a zone of choice within which the ALJ can go either way, without interference by the courts. A decision is not subject to reversal just because substantial evidence would have supported a contrary decision.

The Court does not find the opinions of the examining psychologists to be in material conflict such that the ALJ was required to discuss Mr. Gravel's alleged inability to get along with co-workers or superiors in the RFC. While Dr. Sinclair's report noted, based solely on Mr. Gravel's self-report, that he "has always had some difficulty dealing with authority," Dr. Sinclair determined based on his own evaluation that Mr. Gravel "could satisfactorily complete work-related tasks;" "is likely to be able to understand, retain, and *follow* instructions;" and "emotionally and socially … could tolerate extended work stressors and demands." (Tr. 355, 358) (emphasis

added). Further, the record does not reflect that Mr. Gravel's claimed difficulties with authority had any detrimental effect on his several years long employment with two different companies. Therefore, there was no need for the ALJ to discuss any "contradictory" findings by the psychologists[2] nor include any further limitation in the RFC related to Mr. Gravel's dealings with co-workers or supervisors.

Second, the Court finds that the use of the term "non-production workplace setting" is not so indefinite in this context that the case must be remanded. The Court understands the phrase simply to refer to jobs which do not involve participating in the production of goods, such as on an assembly line. In support of his position that the term is too ambiguous, Plaintiff cites *Thomas v. Berryhill*, 916 F.3d 307, 311–12 (4th Cir. 2019), where the Fourth Circuit found that the ALJ erred by failing to explain the meaning of an RFC restriction to jobs that do not require "a production rate or demand schedule." However, unlike in *Thomas*, the "production" restriction at issue here does not relate to the *pace* of the job but rather only to its general nature. Indeed, Plaintiff's RFC has a separate specific limitation for "pace," stating that Plaintiff is "capable of sustaining concentration and pace for two hour segments during a standard eight-hour day."[3] Moreover, as an independent reason to affirm the ALJ's decision on this point, none of the jobs that the ALJ relied on at Step 5 to conclude Plaintiff was not disabled involve a "production"

---

[2] There is no dispute that Dr. Hatfield opined that Plaintiff could satisfactorily work with co-workers and supervisors.

[3] Similarly, Plaintiff's citation of *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019), is off the mark because, as in *Thomas*, the concern of the court in that case was that the reference to a "production" setting in the relevant RFC did not allow for a meaningful review of whether the RFC accounted for a "stroke [that left the claimant] with limitations in concentration, persistence, and pace." *Id*. at 872. And, in any event, *Perry* is an unpublished decision and thus not binding precedent. *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 545–46 n.4 (4th Cir. 2019) ("Unpublished decisions, of course, do not constitute binding precedent in this Circuit."); *Ham v. Breckon*, 994 F.3d 682, 693 (4th Cir. 2021).

6

setting of any kind. Thus, the "production" limitation was in practical effect irrelevant to the ALJ's ultimate decision and thus would be harmless error if it was error at all. *See Shinseki v. Sanders*, 556 U.S. 396, 407-10 (2009) (requiring the party attacking an administrative decision to prove that an error harmed her case).

Finally, the Court disagrees with Plaintiff's challenge to the ALJ's decision at Step 5 that, based on the testimony of a vocational expert, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. While the Court agrees with Plaintiff that whether or not a job cited by the ALJ actually exists (as distinguished from merely being listed in the DOT) is plainly relevant, the Court cannot find that an ALJ's decision that a job exists is not based on substantial evidence where Plaintiff fails to cite any authority for his conclusory assertion in a legal memorandum that a job does not exist. Further, as to the number of jobs available, the ALJ also is entitled to rely on the vocational expert's testimony. Indeed, the requirement that the representative jobs listed be sufficiently available is not a high bar; rather, the jobs must not be "[i]solated" and "exist[ing] in only very small numbers in relatively few locations." 20 C.F.R.§ 404.1566(b). Accordingly, the Court finds that there is substantial evidence to support the ALJ's decision with respect to the type and number of jobs that Plaintiff can work with his RFC.

In sum, the Court has carefully reviewed the record, the authorities, and the parties' arguments and finds that the ALJ's conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED.**

Signed: July 27, 2022

Kenneth D. Bell
United States District Judge